H. H. (Shashi) Kewalramani (Bar No. 262290)
shashi@ljpklaw.com
**LEE, JORGENSEN, PYLE & KEWALRAMANI, PC**
440 W 1st Street, Suite 205
Tustin, CA 92780
Telephone: (714) 252-6611
Facsimile: (714) 602-4690

Attorneys for Plaintiff
INNOVATIVE WIRELESS SOLUTIONS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC,<br>Plaintiff,<br>v.<br>D-LINK SYSTEMS, INC.,<br>Defendant. | Civil Case No. SA CV 13-1814<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Wireless Solutions, LLC ("IWS" or "Plaintiff"), by way of its Complaint for Patent Infringement ("Complaint") against Defendant D-Link Systems, Inc. ("D-Link" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over such Federal Question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

3. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of the fact that it is organized under the laws of the State of California. On information and belief, Defendant is also subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District, has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District, has purposefully directed activities at residents of this State, and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PARTIES

4. Plaintiff Innovative Wireless Solutions, LLC ("IWS") is a Texas limited liability company with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

5. On information and belief, Defendant D-Link is a corporation organized under the laws of the State of California. On information and belief Defendant has a place of business at 17595 Mt. Herrmann, Fountain Valley, California 92708.

## THE PATENT-IN-SUIT

6. The allegations set forth in the foregoing paragraphs 1 through 5 are hereby realleged and incorporated herein by reference.

7. On June 15, 1999, U.S. Patent Number 5,912,895 (the "'895 Patent"), entitled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES," was duly and legally issued by the United States Patent and Trademark

Office. A true and correct copy of the ’895 Patent is attached as Exhibit A to this Complaint.

8. On December 4, 2001, U.S. Patent Number 6,327,264 (the “’264 Patent”), entitled “INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’264 Patent is attached as Exhibit B to this Complaint.

9. On July 1, 2003, U.S. Patent Number 6,587,473 (the “’473 Patent”), entitled “INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’473 Patent is attached as Exhibit C to this Complaint.

10. IWS is the assignee and owner of the right, title and interest in and to the ’895, ’264 and ’473 Patents (collectively, the “patents-in-suit”), including the right to assert all causes of action arising under said patents and the right to any remedies for infringement.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 5,912,895)

11. The allegations set forth in the foregoing paragraphs 1 through 10 are hereby realleged and incorporated herein by reference.

12. IWS provided actual notice to Defendant of its infringement of the ’895 Patent in a letter dated October 18, 2013 from IWS to Defendant. In this letter, IWS informed Defendant that it was infringing the ’895 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the “’895 Patent Accused Products”) to provide wireless Internet access.

13. IWS's letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 48 of the '895 Patent in at least the following manner:

a. The '895 Patent Accused Products provide communication with a CSMA/CD network (an Ethernet network) via a bidirectional communications path (the wireless path).

b. The '895 Patent Accused Products are located at a first end of the wireless path and include an Ethernet interface to an Ethernet network. Ethernet is a CSMA/CD technology. The '895 Patent Accused Products include a buffer for buffering information packets received from the Ethernet network via the Ethernet interface for supply to the wireless path. The '895 Patent Accused Products also include a buffer for buffering information packets received from the wireless path for supply to the Ethernet network via the Ethernet interface. The '895 Patent Accused Products also include a controller that implements the control protocol as defined in IEEE 802.11.

c. A station is connected at a second end of the wireless path. The station includes a buffer for buffering information packets received from the wireless path, a buffer for buffering information packets to be supplied to the wireless path, and a controller.

d. The controller in the '895 Patent Accused Products and the controller in the station are arranged to exchange control information over the wireless path so as to allow information packets to be communicated bi-directionally over the wireless path between the buffers of the '895 Patent Accused Products and the station in a half-duplex manner.

14. IWS's letter further informed Defendant that it was inducing infringement of the '895 Patent under 35 U.S.C. § 271(b) by actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use

of the ’895 Patent Accused Products; (2) using the ’895 Patent Accused Products; and (3) combining the ’895 Patent Accused Products with other components to form the claimed invention. This letter further explained that such other entities include, for example, Defendant’s partners, customers and end users of the ’895 Patent Accused Products. This letter further explained that Defendant’s acts of inducement include but are not limited to advertising, offering for sale, and selling the ’895 Patent Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the ’895 Patent Accused Products.

15. IWS’s letter also informed Defendant that it was contributing to infringement of the ’895 Patent under 35 U.S.C. § 271(c) by providing the ’895 Patent Accused Products to others, including its partners, customers, and end users, because the ’895 Patent Accused Products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the ’895 Patent, and have no substantial non-infringing uses. IWS further identified within this letter that, for example, the ’895 Patent Accused Products constitute a material part of the claimed invention at least because they contain the components that interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’895 Patent. Further, IWS explained that the ’895 Patent Accused Products were made or especially adapted for use in an infringement of the ’895 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’895 Patent.

16. Defendant has had actual knowledge of the ’895 Patent and its infringement of that patent since at least the date that Defendant received the October 18, 2013 notice letter from IWS.

17. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the ’895 Patent by making, using, offering to sell, and selling in the United States, and importing into the United States, products that practice the subject matter claimed in one or more claims of the ’895 Patent, including but not limited to claim 48, without the authority of IWS. The ’895 Patent Accused Products include, but are not limited to, Defendant’s wireless base stations, wireless access points and wireless routers including, but not limited to, Defendant’s IEEE 802.11 compliant wireless access points and wireless routers such as its D-Link Dual-Band Gigabit Cloud Router - Wireless N600.

18. Upon information and belief, Defendant has induced and continues to induce others to infringe the ’895 Patent under 35 U.S.C. § 271(b) by, and with specific intent or willful blindness, actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use of the ’895 Patent Accused Products; (2) using the ’895 Patent Accused Products; and (3) combining the ’895 Patent Accused Products with other components to form the claimed invention. Such other entities include, for example, Defendant’s partners, customers and end users of the ’895 Patent Accused Products. Defendant’s acts of inducement include its advertising, offering for sale, and selling the ’895 Patent Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the ’895 Patent Accused Products. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the ’895 Patent and that its acts were inducing others to infringe the ’895 Patent since at least the date it received the notice letter from IWS notifying Defendant of its infringement of the ’895 Patent.

19. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of the ’895 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing the ’895 Patent Accused Products. The ’895 Patent Accused Products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the ’895 Patent, and have no substantial non-infringing uses. The ’895 Patent Accused Products constitute a material part of the claimed invention at least because they contain the components that interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’895 Patent. Further, the ’895 Patent Accused Products were made or especially adapted for use in an infringement of the ’895 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’895 Patent. Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from IWS detailing Defendant’s infringement of the ’895 Patent.

20. IWS has been harmed by the Defendant’s infringing activities.

21. IWS notified Defendant of its infringement of the ’895 Patent including an identification of the particular infringing products and features, but Defendant thereafter continued to infringe the ’895 Patent by continuing the activities described in Paragraph 12-15. On information and belief, Defendant has not obtained an opinion of counsel regarding the’895 Patent. The Defendant’s continued infringement has therefore been in reckless disregard of IWS’s patent rights. On information and belief, the Defendant’s infringement has been and continues to be willful.

**<u>COUNT II</u>**

**<u>(INFRINGEMENT OF U.S. PATENT NO. 6,327,264)</u>**

22. The allegations set forth in the foregoing paragraphs 1 through 21 are hereby realleged and incorporated herein by reference.

23. IWS provided actual notice to Defendant of its infringement of the ’264 Patent in a letter dated October 18, 2013 from IWS to Defendant. In this letter, IWS informed Defendant that it was infringing the ’264 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the "’264 Patent Accused Products") to provide wireless Internet access.

24. IWS’s letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 5 of the ’264 Patent in at least the following manner:

a. The ’264 Patent Accused Products allow wireless devices to connect to a network.

b. The ’264 Patent Accused Products include an Ethernet interface for coupling to an Ethernet network. Ethernet is a CSMA/CD technology.

c. The ’264 Patent Accused Products include a wireless interface for coupling to the wireless network which provides a wireless bidirectional communications path.

d. The ’264 Patent Accused Products include a controller that implements a control protocol as defined in IEEE 802.11. In accordance with the wireless protocol, the controller provides information that controls when wireless devices connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

e. The ’264 Patent Accused Products include a first buffer that holds frames received from the Ethernet network via the Ethernet interface

and then supplies those frames via the wireless interface to the wireless network.

f. The ’264 Patent Accused Products include a second buffer that holds frames received from the wireless network via the wireless interface and then supplies those frames via the Ethernet interface to the Ethernet network.

25. IWS’s letter further informed Defendant that it was inducing infringement of the ’264 Patent under 35 U.S.C. § 271(b) by actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use of the ’264 Patent Accused Products; (2) using the ’264 Patent Accused Products; and (3) combining the ’264 Patent Accused Products with other components to form the claimed invention. This letter further explained that such other entities include, for example, Defendant’s partners, customers and end users of the ’264 Patent Accused Products. This letter further explained that Defendant’s acts of inducement include but are not limited to advertising, offering for sale, and selling the ’264 Patent Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the ’264 Patent Accused Products.

26. Defendant has had actual knowledge of the ’264 Patent and its infringement of that patent since at least the date that Defendant received the October 18, 2013 notice letter from IWS.

27. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the ’264 Patent by making, using, offering to sell, and selling in the United States, and importing into the United States, products that practice the subject matter claimed in one or more claims of the ’264 Patent, including but not limited to claim 5, without the authority of IWS. The ’264 Patent Accused

Products include, but are not limited to, Defendant's wireless base stations, wireless access points and wireless routers including, but not limited to, Defendant's IEEE 802.11 compliant wireless access points and wireless routers such as its D-Link Dual-Band Gigabit Cloud Router - Wireless N600.

28. Upon information and belief, Defendant has induced and continues to induce others to infringe the '264 Patent under 35 U.S.C. § 271(b) by, and with specific intent or willful blindness, actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use of the '264 Patent Accused Products; (2) using the '264 Patent Accused Products; and (3) combining the '264 Patent Accused Products with other components to form the claimed invention. Such other entities include, for example, Defendant's partners, customers and end users of the '264 Patent Accused Products. Defendant's acts of inducement include advertising, offering for sale, and selling the '264 Patent Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the '264 Patent Accused Products. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '264 Patent and that its acts were inducing others to infringe the '264 Patent since at least the date it received the notice letter from IWS notifying Defendant of its infringement of the '264 Patent.

29. IWS has been harmed by the Defendant's infringing activities.

30. IWS notified Defendant of its infringement of the '264 Patent including an identification of the particular infringing products and features, but Defendant thereafter continued to infringe the '264 Patent by continuing the activities described in Paragraph 23-25. On information and belief, Defendant has not obtained an opinion of counsel regarding the '264 Patent. The Defendant's

continued infringement has therefore been in reckless disregard of IWS's patent rights. On information and belief, the Defendant's infringement has been and continues to be willful.

**COUNT III**

**(INFRINGEMENT OF U.S. PATENT NO. 6,587,473)**

31. The allegations set forth in the foregoing paragraphs 1 through 30 are hereby realleged and incorporated herein by reference.

32. IWS provided actual notice to Defendant of its infringement of the '473 Patent in a letter dated October 18, 2013 from IWS to Defendant. In this letter, IWS informed Defendant that it was infringing the '473 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the "'473 Patent Accused Products") to provide wireless Internet access.

33. IWS's letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 40 of the '473 Patent in at least the following manner:

a. The '473 Patent Accused Products provide communication between a CSMA/CD network (an Ethernet network) and a bidirectional communications path (the wireless path).

b. The '473 Patent Accused Products include an Ethernet interface that contains an Ethernet modem that receives information packets from an Ethernet network.

c. The '473 Patent Accused Products transmit the information packets over the wireless path in a direction towards a station.

d. The '473 Patent Accused Products include a controller that implements the control protocol as defined in IEEE 802.11. In accordance with that protocol, the controller provides information that controls when

stations connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

e. The ’473 Patent Accused Products receive information corresponding to information packets from the wireless path at the Ethernet modem and transmit those information packets over the Ethernet network.

34. IWS’s letter further informed Defendant that it was inducing infringement of the ’473 Patent under 35 U.S.C. § 271(b) by actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use of the ’473 Patent Accused Products; (2) using the ’473 Patent Accused Products; and (3) combining the ’473 Patent Accused Products with other components to form the claimed invention. This letter further explained that such other entities include, for example, Defendant’s partners, customers and end users of the ’473 Patent Accused Products. This letter further explained that Defendant’s acts of inducement include but are not limited to advertising, offering for sale, and selling the ’473 Patent Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the ’473 Patent Accused Products.

35. IWS’s letter also informed Defendant that it was contributing to infringement of the ’473 Patent under 35 U.S.C. § 271(c) by providing the ’473 Patent Accused Products to others, including its partners, customers, and end users, because the ’473 Patent Accused Products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the ’473 Patent, and have no substantial non-infringing uses. IWS further identified within this letter that, for example, the ’473 Patent Accused Products constitute a material part of the claimed invention at least because they contain the components that interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’473 Patent. Further, IWS

explained the ’473 Patent Accused Products were made or especially adapted for use in an infringement of the ’473 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’473 Patent.

36. Defendant has had actual knowledge of the ’473 Patent and its infringement of that patent since at least the date that Defendant received the October 18, 2013 notice letter from IWS.

37. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the ’473 Patent by making, using, offering to sell, and selling in the United States, and importing into the United States, products that practice the subject matter claimed in one or more claims of the ’473 Patent, including but not limited to claim 40, without the authority of IWS. The ’473 Patent Accused Products include, but are not limited to, Defendant’s wireless base stations, wireless access points and wireless routers including, but not limited to, Defendant’s IEEE 802.11 compliant wireless access points and wireless routers such as its D-Link Dual-Band Gigabit Cloud Router - Wireless N600.

38. Upon information and belief, Defendant has induced and continues to induce others to infringe the ’473 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to engage in the following actions that constitute direct infringement: (1) performing the steps of the method claims in connection with use of the ’473 Patent Accused Products; (2) using the ’473 Patent Accused Products; and (3) combining the ’473 Patent Accused Products with other components to form the claimed invention. Such other entities include, for example, Defendant’s partners, customers and end users of the ’473 Patent Accused Products. Defendant’s acts of inducement include advertising, offering for sale, and selling the ’473 Patent

Accused Products, and providing user manuals, product documentation, and other instructions regarding the use of the wireless networking features of the ’473 Patent Accused Products. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the ’473 Patent and that its acts were inducing others to infringe the ’473 Patent since at least the date it received the notice letter from IWS notifying Defendant of its infringement of the ’473 Patent.

39. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of the ’473 Patent under 35 U.S.C. § 271(c) by offering to sell and selling the ’473 Patent Accused Products. The ’473 Patent Accused Products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the ’473 Patent, and have no substantial non-infringing uses. The ’473 Patent Accused Products constitute a material part of the claimed invention at least because they contain the components that interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’473 Patent. Further, the ’473 Patent Accused Products were made or especially adapted for use in an infringement of the ’473 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface a wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the ’473 Patent. Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from IWS detailing Defendant’s infringement of the ’473 Patent.

40. IWS has been harmed by the Defendant’s infringing activities.

41. IWS notified Defendant of its infringement of the ’473 Patent including an identification of the particular infringing products and features, but Defendant thereafter continued to infringe the ’473 Patent by continuing the

activities described in Paragraph 32-35. On information and belief, Defendant has not obtained an opinion of counsel regarding the '473 Patent. The Defendant's continued infringement has therefore been in reckless disregard of IWS's patent rights. On information and belief, the Defendant's infringement has been and continues to be willful.

## JURY DEMAND

IWS demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, IWS prays for judgment as follows:

a. An adjudication that Defendant has infringed one or more claims of each of the patents-in-suit;

b. An award of damages to be paid by Defendant adequate to compensate IWS for past infringement of the patents-in-suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Defendant must pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding IWS attorney fees under 35 U.S.C. § 285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

DATED: November 19, 2013

*<u>/s/ H. H. (Shashi) Kewalramani</u>*
H. H. (Shashi) Kewalramani

*Attorneys for Plaintiff*
*Innovative Wireless Solutions, LLC*