Duncan Palmatier (CA Bar No. 116692)
Christine Yang (CA Bar No. 102048)
Victoria D. Hao (pro hac vice pending)
Law Office of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, California 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
Email: dk-iws@sjclawpc.com

Attorneys for Defendant
D-Link Systems, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>D-LINK SYSTEMS, INC.<br><br>Defendant. | Civil Case No. SA CV13-1814<br><br>**DEFENDANT D-LINK SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF INNOVATIVE WIRELESS SOLUTIONS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Defendant D-Link Systems, Inc. ("D-Link Systems") hereby responds to the Complaint For Patent Infringement dated November 19, 2013 ("Complaint") of Plaintiff Innovative Wireless Solutions, LLC ("IWS" or "Plaintiff"). D-Link Systems denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## JURISDICTION AND VENUE

1. D-Link Systems admits that the Complaint purports to be an action for patent infringement arising under 35 U.S.C. §1 *et seq*. and that subject matter jurisdiction for such an action is allowed by 28 U.S.C. §§ 1331 and 1338. Any remaining allegations of Paragraph 1 are denied.

2. Paragraph 2 contains only conclusions of law, and therefore, no response is required.

3. Paragraph 3 contains conclusions of law, and therefore, no response is required. To the extent that a response is required, D-Link Systems admits that it is a California corporation and that it conducts business in this judicial district, but D-Link Systems denies that it has infringed (either literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid, enforceable claim of any of the patents-in-suit. Any other allegations of Paragraph 3 are denied.

## THE PARTIES

4. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. D-Link Systems admits that it is a California corporation and that it has a place of business at 17595 Mt. Herrmann, Fountain Valley, California 92708. Any other allegations of Paragraph 5 are denied.

## THE PATENTS-IN-SUIT

6. D-Link Systems incorporates by reference its responses to the allegations in Paragraphs 1 through 5 of the Complaint.

7. D-Link System admits that what purports to be a copy of United States Patent No. 5,912,895 ("the '895 Patent") is attached to the Complaint as Exhibit A and that the face of the '895 Patent bears an issuance date of June 15, 1999 and the title "Information Network Access Apparatus And Methods For Communicating Information Packets Via Telephone Lines." D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. D-Link System admits that what purports to be a copy of United States Patent No. 6,327,264 ("the '264 Patent") is attached to the Complaint as Exhibit B and that the face of the '895 Patent bears an issuance date of December 4, 2001 and the

title "Information Network Access Apparatus And Methods For Communicating Information Packets Via Telephone Lines." D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and therefore denies them.

9. D-Link System admits that what purports to be a copy of United States Patent No. 6,587,473 ("the '473 Patent") is attached to the Complaint as Exhibit C and that the face of the '473 Patent bears an issuance date of July 1, 2003 and the title "Information Network Access Apparatus And Methods For Communicating Information Packets Via Telephone Lines." D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and therefore denies them.

10. D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

**COUNT I**

**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,912,895)**

11. D-Link Systems incorporates by reference its responses to the allegations in Paragraphs 1 through 10 of the Complaint.

12. D-Link Systems avers that any letter dated October 18, 2013 ("October 18 Letter") speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '895 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 12.

13. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of

equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '895 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 13 or its Sub-paragraphs a through d.

14. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '895 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 14.

15. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '895 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 15.

16. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '895 Patent. Any remaining allegations of Paragraph 16 are denied.

17. D-Link Systems denies that it has directly infringed or that it continues to directly infringe (either literally or under the doctrine of equivalents) any valid,

enforceable claim of the '895 Patent. Any remaining allegations of Paragraph 17 are denied.

18. D-Link Systems denies that it has induced or that it continues to induce others to infringe any valid, enforceable claim of the '895 Patent. Any remaining allegations of Paragraph 18 are denied.

19. D-Link Systems denies that it has committed or that it continues to commit acts of contributory infringement of any valid, enforceable claim of the '895 Patent. Any remaining allegations of Paragraph 19 are denied.

20. D-Link Systems denies that it has infringed or that it continues to infringe any valid, enforceable claim of the '895 Patent. Any remaining allegations of Paragraph 20 are denied.

21. D-Link Systems denies that it has infringed or continues to infringe (literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid, enforceable claim of the ’895 Patent. Any remaining allegations of Paragraph 21 are denied.

**COUNT II**

**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,327,264)**

22. D-Link Systems incorporates by reference its responses to the allegations in Paragraphs 1 through 21 of the Complaint.

23. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October 18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '264 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 23.

24. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October 18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '264 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 24 or its Sub-paragraphs a through f.

25. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '264 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 25.

26. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October 18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '264 Patent. Any remaining allegations of Paragraph 26 are denied.

27. D-Link Systems denies that it has directly infringed or that it continues to directly infringe (either literally or under the doctrine of equivalents) any valid, enforceable claim of the '264 Patent. Any remaining allegations of Paragraph 27 are denied.

28. D-Link Systems denies that it has induced or that it continues to induce others to infringe any valid, enforceable claim of the '264 Patent. Any remaining allegations of Paragraph 28 are denied.

29. D-Link Systems denies that it has infringed or that it continues to infringe any valid, enforceable claim of the '264 Patent. Any remaining allegations of Paragraph 29 are denied.

30. D-Link Systems denies that it has infringed or continues to infringe (literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid, enforceable claim of the ’264 Patent. Any remaining allegations of Paragraph 30 are denied.

**COUNT III**

**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,587,473)**

31. D-Link Systems incorporates by reference its responses to the allegations in Paragraphs 1 through 30 of the Complaint.

32. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October 18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 32 are denied.

33. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '473 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 33 or its Sub-paragraphs a through e.

34. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October 18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of

equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '473 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 34.

35. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of the October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '473 Patent. D-Link Systems lacks sufficient knowledge and information to form a belief as to the truth of remaining allegations contained in Paragraph 35.

36. D-Link Systems avers that the October 18 Letter speaks for itself. IWS characterizations of October18 Letter are accordingly denied. D-Link Systems specifically denies that it has infringed (either literally or under the doctrine of equivalents), directly or indirectly, induced infringement, or contributed to infringement of any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 36 are denied.

37. D-Link Systems denies that it has directly infringed or that it continues to directly infringe (either literally or under the doctrine of equivalents) any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 37 are denied.

38. D-Link Systems denies that it has induced or that it continues to induce others to infringe any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 38 are denied.

39. D-Link Systems denies that it has committed or that it continues to commit acts of contributory infringement of any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 39 are denied.

40. D-Link Systems denies that it has infringed or that it continues to infringe any valid, enforceable claim of the '473 Patent. Any remaining allegations of Paragraph 40 are denied.

41. D-Link Systems denies that it has infringed or continues to infringe (literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid, enforceable claim of the ’473 Patent. Any remaining allegations of Paragraph 41 are denied.

## JURY DEMAND

This paragraph sets forth Plaintiff request for trial by jury to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth Plaintiff's statement of relief to which no response is required. To the extent that responses to these paragraphs are required, D-Link Systems denies any allegations set forth therein and denies that Plaintiff is entitled to any relief from D-Link Systems.

## AFFIRMATIVE DEFENSES

Subject to the responses above, D-Link Systems alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, D-Link Systems specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing and Ownership)

1. Upon information and belief, Plaintiff lacks standing to bring this action and, without limitation, Plaintiff is not the owner or the proper party to assert the patents-in-suit.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted for indirect patent infringement, including contributory infringement and inducement of infringement.

**THIRD AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

4. D-Link Systems has not infringed, and does not infringe (either literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid, enforceable claim of the patents-in-suit and has not otherwise committed any acts in violation of 35 U.S.C. §271.

**FOURTH AFFIRMATIVE DEFENSE**

**(Invalidity)**

5. On information and belief, the claims of the patents-in-suit are invalid for failure to comply with one or more conditions of patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112 and 132, and/or under other judicially-created bases for invalidity.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Give Notice)**

6. To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the patents-in-suit to D-Link Systems, the relief it seeks is barred by 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unenforceability)**

7. By reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the applications for the patents-in-suit and the admissions and representations made by the inventor, applicant, Plaintiff and/or its attorneys, Plaintiff is estopped from asserting constructions for the claims of the patents-in-suit covering any method or device made, used, offered for sale or sold by D-Link Systems.

8. The claims of the patents-in-suit are unenforceable, in whole or in part, by the doctrine of waiver (express or implied) and/or laches.

9. The claims of the patents-in-suit are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

10. The claims of the patents-in-suit are unenforceable due to unclean hands.

11. Plaintiff's claims for relief are barred in whole or in party by acquiescence.

12. The claims of the patents-in-suit are invalid and unenforceable because of applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Limitations)**

13. Plaintiff's right to seek damages is limited, including without limitation by 35 U.S.C. § 286 and 287. For example, on information and belief, the inventor, an assignee, and/or Plaintiff has failed to mark commercial embodiments of the patents-in-suit. Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitation period further bars past damage claims.

14. Plaintiff's claims for relief are limited by the doctrine of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

15. Should D-Link Systems be found to infringe the any of the patents-in-suit, such infringement was not willful.

**NINTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees)**

16. Plaintiff has failed to state facts sufficient to support an award of attorney's fees to Plaintiff.

17. Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**TENTH AFFIRMATIVE DEFENSE**

**(Other Defenses)**

18. Plaintiff has suffered no damages.

19. This is an exceptional case, and D-Link Systems is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

20. D-Link Systems reserves the right to supplement or amend this Answer to assert any other defense that may become available or apparent during discovery or as the case progresses.

**RELIEF REQUESTED**

WHEREFORE, D-Link Systems prays for relief as follows:

A. That the Court enter judgment in favor of D-Link Systems, and against Plaintiff;

B. That the Court declare the patents-in-suit not infringed by D-Link Systems;

C. That the Court declare the patents-in-suit invalid;

D. That the Court declare the patents-in-suit unenforceable;

E. That Plaintiff take nothing by its Complaint against D-Link Systems;

F. That the Court find this case exceptional under 35 U.S.C. § 285, and award D-Link Systems its costs and fees in this action, including reasonable attorneys'

fees and pre-judgment interest thereon; and

G. That the Court grant D-Link Systems such other and further relief as it deems just and proper.

**JURY DEMAND**

Defendant demands a trial by jury as to all issues so triable.

Dated: February 5, 2014

Respectfully submitted,

/Christine Yang/

Duncan Palmatier (CA Bar No. 116692)
Christine Yang (CA Bar No. 102048)
Victoria D. Hao (pro hac vice pending)
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, California 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
Email: dk-iws@sjclawpc.com

*Attorneys for Defendant D-Link Systems, Inc.*

**PROOF OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule L.R.5-3.2 on February 5, 2014. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ *Justina Luong*